UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>                             Defendant. | Case No.: 21-cv-847-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

      The matters before the Court are the Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) and the Motion to Appoint Counsel (ECF No. 3) filed by Plaintiff Christopher Jones.

**I.**      **BACKGROUND**

      On May 3, 2021, Plaintiff Christopher Jones, proceeding *pro se*, filed a Complaint against Defendants County of San Diego, Thomas Kelley, City of El Cajon, and the Alternative Public Defender's Office[1] (ECF No. 1), a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2), and a Motion to Appoint Counsel (ECF No. 3).

---

[1] Defendants Thomas Kelley, City of El Cajon, and the Alternative Public Defender's Office are not named in the caption of the Complaint in violation of Rule 10(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("Caption; Names of Parties . . . .[T]he title of the complaint must name all the parties[.]").

1

## II. MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.00.[2] 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

The affidavit filed by Plaintiff states that he is unable to pay the costs of these proceedings. Plaintiff states that he is currently employed. Plaintiff states that his gross monthly pay is $2,650.00. Plaintiff states that he has $79.60 in a checking account and $17.33 in a savings account. Plaintiff states that he owns two cars: 1) a 2006 Mazda Tribute worth approximately $1,400.00; and 2) a 2002 Ford F150 worth approximately $1,200. Plaintiff states that his fiancée relies on Plaintiff for support. Plaintiff states that his average monthly expenses are $2,655.00, which include rent, utilities, food, transportation, insurance, and loan and credit card payments. Plaintiff states that he does not expect any major changes to his monthly income, expenses, assets, or liabilities in the next twelve months. Plaintiff states that he is "living paycheck to paycheck," and "after paying bills and living expenses [ ] nothing is left over." (ECF No. 2 at 1-5).

Having considered Plaintiff's Motion for Leave to Proceed IFP and affidavit, the Court concludes that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed IFP pursuant to 28 U.S.C. § 1915(a).

## III. INITIAL SCREENING OF THE COMPLAINT

The determination of whether a party may proceed IFP does not complete the inquiry. The court is also required to screen cases filed by parties proceeding IFP. *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

---

[2] Civil litigants must pay a $350.00 statutory fee and a $52.00 administrative fee. *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

Pursuant to § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the IFP statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant. The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed *pro se*. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original).

### a. **Allegations in the Complaint**

In 1995, a jury convicted Plaintiff of second degree murder after a trial in the San Diego Superior Court. Plaintiff filed several habeas petitions asserting that his appointed trial counsel, Defendant Thomas Kelley, was ineffective for failing to investigate and present a mental health-based defense at trial. On October 19, 2020, the district court granted Plaintiff's federal habeas petition and discharged Plaintiff of "all consequences of his second degree murder conviction." (ECF No. 1 ¶ 3). The district court concluded that "Petitioner has overcome *Strickland*'s[3] high bar and demonstrated that his trial counsel's failure to conduct an adequate investigation or present a mental health base[d] defense was unreasonable." (*Id.* ¶ 6). On February 4, 2021, the San Diego Superior Court reduced the second degree murder conviction to manslaughter. Plaintiff was sentenced to time served.

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1994).

The acts and omissions of counsel Kelley "before trial and during trial constitute an extreme departure from the ordinary standard of conduct." (*Id.* ¶ 8). Defendant County of San Diego ("County") had "unconstitutional practices, and policies of inaction, as well as reckless and/or callous indifference to the federally protected right of others when failing to train and supervise defense counsel Thomas Kelley." (*Id.* ¶ 9). Defendant Alternative Public Defender's Office ("APD") "is just as liable for counsel Kelley's reckless and callous indifference to Plaintiff's federally protected right to a fair trial by [its] complete failure to supervise the practices [of] counsel Kelley" and its "policy of inaction." (*Id.* ¶ 10). The County and the APD are "vicariously liable" for the actions of Kelley. (*Id.* ¶¶ 13, 15). As a result of the actions and inactions of Defendants, Plaintiff "endured discomfort, loss of liberty or deprivation of society, mental suffering, humiliation, [and] emotional trauma, and was deprived of any means of earning a living for those additional years Plaintiff was incarcerated and on parole." (*Id.* at 31).

Plaintiff brings the first claim against counsel Kelley for violating the "ordinary standard of conduct" before and during Plaintiff's criminal trial. (*Id.* ¶ 8). Plaintiff brings the second and third claims against the County and the City of El Cajon ("City") under 42 U.S.C. § 1983 for "violations of his constitutional rights to due process and a fair trial." (*Id.* ¶ 9). Plaintiff brings the fourth claim against the APD for failing to supervise Kelley. (*Id.* ¶ 10). Plaintiff seeks $1,000,000 in compensatory damages and $500,000 in punitive damages.

### b. Discussion

To state a claim against an individual defendant under 42 U.S.C. § 1983, a plaintiff must show "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *accord Miranda v. Clark*

*County*, 319 F.3d 465, 469 (9th Cir. 2003). The claim against counsel Kelley arises from Kelley's alleged conduct while performing the traditional functions of a lawyer as counsel to Plaintiff in a criminal case, which is not actionable under § 1983. Any claim against Kelley for legal malpractice is governed by California state law and is a claim for which "there exists no independent basis of federal jurisdiction." *See Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, 1458 (9th Cir. 1985). The Court concludes that Plaintiff fails to state a claim against counsel Kelley.

A government entity may not be held vicariously liable for the unconstitutional acts of its employees under a theory of respondeat superior in a § 1983 claim. *See AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978)).

> In order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

*Id.* (alteration in original) (quoting *Plumeau v. Sch. Dist. No. 40*, 130 F.3d 432, 438 (9th Cir. 1997)).

"Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)); *see Miranda*, 319 F.3d at 471 (The failure of a public defender's office to train subordinates "may result in § 1983 liability where the failure amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact") (quoting *Harris*, 489 U.S. at 388)). "Similarly, a failure to supervise that is 'sufficiently inadequate' may amount to 'deliberate

indifference.'" *Dougherty*, 654 F.3d at 900 (quoting *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989)).

In this case, Plaintiff alleges that the County and the APD "fail[ed] to train and supervise" counsel Kelley and had a "policy of inaction." (ECF No. ¶ 9-10). Plaintiff alleges that his constitutional rights to due process and a fair trial were violated because of the actions or inactions of the County, the City, and the APD. Plaintiff's allegations are conclusory. Plaintiff fails to allege facts sufficient to support an inference that the actions of counsel Kelley were undertaken pursuant to a policy, practice, or custom of the County, the City, or the APD. Plaintiff fails to allege facts sufficient to support an inference that any policy or custom was the moving force behind the alleged deprivations of Plaintiff's constitutional rights. The Court concludes that Plaintiff fails to state a claim against the County, the City, or the APD. Plaintiff fails to state a claim for purposes of the *sua sponte* screening required under 28 U.S.C. § 1915(e).

### IV.  MOTION TO APPOINT COUNSEL

Plaintiff requests that the Court appoint counsel because Plaintiff "cannot read well, lacks comprehensible skills, and suffers from various cognitive difficulties." (ECF No. 3 at 5). Plaintiff asserts that he had assistance preparing the Complaint and the Motion to Appoint Counsel.

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)); 28 U.S.C. § 1915(e)(1). In exercising its discretion, the court must consider Plaintiff's ability to represent himself, the complexity of the case, and the merits of Plaintiff's claims. *See Agyeman*, 390 F.3d at 1103. "[D]ifficulties which any litigant would have in proceeding pro se . . . do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The Court has determined that the Complaint fails to state a claim upon which relief can be granted. Plaintiff has twelve years of education. The Complaint demonstrates that Plaintiff is capable of conducting legal research, presenting claims and arguments in writing, and understanding legal issues. The Court concludes that Plaintiff has not shown "exceptional circumstances" supporting the appointment of counsel at this stage in the litigation. *Palmer*, 560 F.3d at 970. The Motion to Appoint Counsel is denied without prejudice.

## V.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2) is granted.

IT IS FURTHER ORDERED that the Complaint (ECF No. 1) is dismissed without prejudice for failure to state a claim upon which relief can be granted. No later than thirty (30) days from the date of this Order, Plaintiff may file an amended complaint. Any amended complaint must be complete by itself without reference to the original pleading and must comply with all federal and local rules. If Plaintiff does not file an amended complaint, the case will be closed.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 3) is denied without prejudice.

Dated:  May 10, 2021

Hon. William Q. Hayes
United States District Court